UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WILLIE JAMES RUTLEDGE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:17-CV-190-CCS |
| ASBURY AUTOMOTIVE GROUP, INC., | ) |
| d/b/a NALLEY AUTOMOTIVE GROUP- | ) |
| NALLEY INFINITI MARIETTA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 9].

Now before the Court is the Defendant's Motion to Dismiss Action and Compel Arbitration [Doc. 5]. The Plaintiff filed a Response [Doc. 10], objecting to the Motion, and the Defendant filed a Reply [Doc. 12]. The parties appeared before the Court on September 7, 2017, for a hearing on the Motion. Attorney Mark Brown appeared on behalf of the Plaintiff. Attorney Ted Raynor appeared on behalf of the Defendant. Accordingly, for the reasons explained below, the Court finds the Motion [**Doc. 5**] well-taken, and it is **GRANTED**.

I.      **BACKGROUND**

The following facts are taken from the Amended Complaint, unless otherwise noted. The Amended Complaint alleges that on October 1, 2015, the Plaintiff purchased a 2015 Infiniti Q50 vehicle ("Vehicle") from the Defendant's store. [Doc. 11 at ¶ 5]. The Defendant drove the Vehicle to Knoxville, Tennessee, where the Plaintiff signed the paperwork to complete the purchase of the

Vehicle. [*Id.*]. The total purchase price of the Vehicle was $31,198.23. [*Id.* at ¶ 6]. The Plaintiff paid $1,800.00 down with the balance of the purchase financed through Navy Federal Credit Union. [*Id.*]. The Defendant certified the Vehicle as "Certified Pre-Owned." [*Id.* at ¶ 7].

The Amended Complaint continues that on February 28, 2017, the Plaintiff's wife was driving the Vehicle when she was rear-ended in a car accident causing damage to the passenger side of the Vehicle. [*Id.* at ¶ 9]. The Plaintiff worked through his insurance company, as well as the insurance company of the at-fault driver, to have the damage to the Vehicle repaired. [*Id.* at ¶ 10]. The Plaintiff took the Vehicle to Harper Auto Square in Knoxville, an Infiniti dealer, for repairs. [*Id.* at ¶ 11]. While there, the technicians discovered that the Vehicle had been in a previous accident and suffered damage to the driver's side of the Vehicle, which was not part of the February 28, 2017 accident. [*Id.*]. The technicians also discovered that the area where the previous damage had occurred was beginning to rust. [*Id.*].

The Amended Complaint states that the Plaintiff was not told during the process of purchasing the Vehicle about a previous accident or damage, nor was the Plaintiff told that the Vehicle had been previously repaired. [*Id.* at ¶ 12]. The Amended Complaint alleges that the insurance company will not pay for the previous damage to the Vehicle, forcing the Plaintiff to pay out-of-pocket. [*Id.* at ¶ 13]. The Amended Complaint continues that the Plaintiff is left with a Vehicle that was not as represented and has diminished value. [*Id.* at ¶ 13]. The Amended Complaint alleges breach of contract, fraud, negligent misrepresentation, and violations of the Tennessee Consumer Protection Act. [*Id.* at ¶¶ 15-23]. Finally, the Amended Complaint states that the arbitration provision contained in the contract is not enforceable. [*Id.* at ¶¶ 29-32].

## II. POSITIONS OF THE PARTIES

The Defendant moves the Court for an order compelling arbitration and dismissing the Complaint. In the alternative, the Defendant requests that the Court compel arbitration and stay the proceedings. The Defendant asserts that the Federal Arbitration Act mandates that the Court grant its Motion to Compel Arbitration. Specifically, the Defendant states that the parties have agreed to arbitrate disputes regarding the sale of the Vehicle and that there are no legal constraints foreclosing arbitration. Further, the Defendant argues that despite the Plaintiff's failure to seek arbitration, it may seek to enforce the agreement to arbitrate. Finally, the Defendant states that an order dismissing this case and compelling arbitration is warranted.

The Plaintiff responds [Doc. 10] that the Defendant's arbitration provision is unenforceable. The Plaintiff states that the arbitration provision is not supported by consideration. The Plaintiff explains that the arbitration provision unilaterally allows the Plaintiff or the Defendant to choose arbitration and that the Plaintiff has not and will not willingly choose arbitration. The Plaintiff further asserts that the arbitration provision at issue is an adhesion contract. The Plaintiff explains that he had to agree on the terms on the contract to get that particular Vehicle, which was unavailable elsewhere.

The Defendant replies [Doc. 12] that the parties' arbitration agreement is clearly supported by adequate consideration. In addition, the Defendant asserts that the parties' arbitration agreement is not an unconscionable adhesion contract.

## III. STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") "expresses a strong public policy favoring arbitration in a broad range of disputes." *Cooper v. MRM, Inc.*, 367 F.3d 493, 498 (6th Cir. 2004). Specifically, it provides that agreements to arbitrate "shall be valid, irrevocable, and enforceable,

save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is well established that federal law creates "a general presumption of arbitrability, and any doubts are to be resolved in favor of arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Highlands Wellmont Health Network Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 576-77 (6th Cir. 2003) (quoting *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986)).

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). The party opposing arbitration has the burden to show that the agreement is not enforceable. *Mounts v. Midland Funding, LLC*, 237 F. Supp. 3d 930 (E.D. Tenn. 2017) (citing *Green Tree Fin. Corp., - Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000)). "In order to meet this burden, 'the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate, a showing that mirrors the summary judgment standard.'" *Id.* (quoting *Great Earth* Cos. *v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)).

**IV.    ANALYSIS**

As an initial matter, at the hearing, Plaintiff acknowledged that Georgia law applies in the instant matter. The Court further observes that the Vehicle Buyer's Order [Doc. 6-1] provides, "THE TERMS AND CONDITIONS OF THIS ORDER AND ANY SALE/LEASE HEREUNDER WILL BE GOVERNED BY THE LAWS OF THE STATE OF GEORGIA." [Doc.

4

6-1 at 3] (Emphasis in original). Accordingly, the Court will apply Georgia law when necessary in determining whether the arbitration provision is enforceable.

In the present matter, the arbitration agreement, in relevant part, provides as follows:

> EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION NOT IN COURT OR BY JURY TRIAL. . . .
>
> * * *
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us and our employees, agents, successors, or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship . . shall, at your or our election be resolved by neutral, binding arbitration and not by court action. If federal law provides that a claim or dispute is not subject to binding arbitration, the Arbitration Provision shall not apply to such claim or dispute . . .

[Doc. 6-1 at 3]. The Plaintiff has not challenged whether the instant dispute falls within the substantive scope of the arbitration agreement. In any event, however, the Court finds that the dispute does fall within the substantive scope of the arbitration agreement because the dispute arises out of the condition and purchase of the Vehicle.

The Plaintiff, instead, argues that a valid agreement to arbitrate does not exist. Specifically, the Plaintiff submits that the above agreement is not supported by consideration and that it is an adhesion contract. The Court will address each argument separately and then turn to whether this action should be stayed or dismissed.

**A.     Consideration**

The Plaintiff asserts that the arbitration agreement must be supported by adequate consideration, separate from the contract as a whole, and that there is no consideration for the arbitration agreement.

5

Pursuant to Georgia law, "an accepting party to a contract can either tender bargained-for performance or make a mutual promise." *Anderson v. Am. Gen. Ins.*, 688 F. App'x 667, 669 (11th Cir. 2017) (quoting *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008)). A mutual promise to arbitrate is sufficient consideration. *Id.* If a party, however, "offers an illusory promise, a court will find inadequate consideration and deem the contract unenforceable." *Id.* (quoting *Lambert*, 544 F.3d at 1196). "An illusory promise exists when 'words of promise . . . by their terms make performance entirely optional with the "promisor" whatever may happen, or whatever course of conduct in other respects he may pursue.'" *Id.* (quoting *Lambert*, 544 F.3d at 1196) (other quotations and citations omitted).

The Court has reviewed the arbitration agreement and finds the Plaintiff's argument not well-taken. The Plaintiff asserts that the arbitration agreement unilaterally allows the Plaintiff or the Defendant to choose arbitration and that the Plaintiff does not chose arbitration. Here, the Vehicle Buyer's Order explicitly states, "Either you or we may choose to have any dispute between us decided by arbitration—and not in court or by jury trial." [Doc. 6-1 at 3] (Emphasis omitted). Thus, the arbitration agreement contains a mutual promise that either party could require arbitration and that if arbitration was elected by either party, both parties would give up their right to litigate in court. To put it simply, the parties mutually agreed to allow one another to elect arbitration. As explained above, mutual promises to arbitrate are sufficient consideration. The fact that Plaintiff now does not agree to arbitrate does not make the arbitration agreement illusory. Further, the arbitration agreement provides that Defendant will pay for the filing, administration, service or case management and arbitrator fee. [Doc. 6-1 at 3]. Such promises also constitute bargained-for consideration. *See Caley v. Gulfstream Aerospace Corp.*, 428 F. 3d 1359, 1376

(11th Cir. 2005) (noting that the contract provided that the defendant will pay the arbitration and mediation costs and such promises constitute bargained-for consideration).

Second, even if the arbitration agreement did not provide consideration, courts have explained that "where the agreement to arbitrate is integrated into a larger unitary contract, the consideration for the contract as a whole covers the arbitration clause as well." *W.L. Jordan & Co., Inc., v. Blythe Industries, Inc.*, 702 F. Supp. 282, 284 (N.D. Ga. 1988); *see also Southeastern Stud & Components, Inc. v. Am. Eagle Design Build Studios*, LLC, No. 7:07-cv-077, 2008 WL 2967230, at *5 (M.D. Ga. 2008) (concurring). Here, the Plaintiff signed the Vehicle Buyer's Order in exchange for the Vehicle. Accordingly, the Court finds that there was consideration for the arbitration provision and for the contract as a whole.

## B. Adhesion Contract

The Plaintiff also asserts that the arbitration agreement is unconscionable and constitutes an adhesion contract. The Plaintiff explains that the arbitration agreement is buried at the bottom of page two of the contract and that the Plaintiff had to agree to the terms, including to the arbitration provision, in order to purchase that particular Vehicle, which was unavailable elsewhere.

A contract of adhesion is "a standardized contract offered on a 'take it or leave it' basis and under such conditions that a consumer cannot obtain the desired product or service except by acquiescing in the form contract." *Realty Lenders, Inc. v. Levine*, 649 S.E.2d 333, 336 (Ga. Ct. App. 2007) (citation omitted). "[T]he fact that a contract is adhesive does not, standing alone, render the contract unenforceable." *Id.* Instead, courts look to whether the contract is unconscionable. With respect to unconscionability, "the basic test for determining unconscionability is whether, in light of the general commercial background and the commercial

7

needs of the particular trade or case, the clauses involved are so one–sided as to be unconscionable under the circumstances existing at the time of the making of the contract." *Dale v. Comcast Corp.*, 498 F.3d 1216, 1219 (11th Cir. 2007) (quoting *NEC Techs., Inc. v. Nelson*, 478 S.E.2d 769, 771 (Ga. 1996)).

Contracts can be procedurally or substantively unconscionable. Procedural unconscionability "addresses the process of making [a] contract." *Id.* (quoting *NEC Techs., Inc.*, 478 S.E.2d at 771). In determining whether a contract is procedurally unconscionable, Georgia courts analyze a number of factors, including "age, education, intelligence, business acumen and experience of the parties, their relative bargaining power, the conspicuousness and comprehensibility of the contract language, the oppressiveness of the terms, and the presence or absence of meaningful choice." *NEC Techs.*, 478 S.E.2d at 771–72.

On the other hand, substantive unconscionability focuses "on matters such as the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns." *Id.* at 772. Georgia courts have further explained, "A contract is substantively unconscionable only where it is one that no sane man not acting under a delusion would make and that no honest man would take advantage of." *Markov v. Golden Isles Cruise Lines, Inc.*, No. CV 215-018, 2016 WL 1117584, at *5 (S.D. Ga. Mar. 21, 2016) (quotations and citations omitted).

The Court finds that the Plaintiff has not established that the arbitration agreement in the Vehicle Buyer's Order is procedurally or substantively unconscionable. The Plaintiff asserts that the language relating to arbitration is "buried" on page two of the Vehicle Buyer's Order, but the Court finds otherwise. The section of the arbitration provision is separate from the remaining provisions of the Vehicle Buyer's Order and clearly states in all caps, "ARBITRATION

PROVISION." [Doc. 6-1 at 3]. The Court also finds that the arbitration provision is described in layman's terms. Further, Plaintiff's conclusionary argument that he had to agree to the terms in order to purchase that particular Vehicle, which was unavailable elsewhere, is insufficient to show unconscionability. First, there is no evidence supporting Plaintiff's argument that the particular Vehicle could not be found elsewhere. In any event, such an argument does not warrant a finding that the Vehicle Buyer's Order is so one-sided that no sane man acting under a delusion would make and that no honest man would participate in the transaction. *See NEC Tech., Inc.*, 478 S.E.2d at 771.

Further, the Plaintiff has not sufficiently explained why the arbitration agreement is procedurally unconscionable, and the Court finds that it is not. For instance, the Plaintiff has not addressed many of the factors described above, including age, education, intelligence, business acumen, experience of the parties, the parties' bargaining power, or the oppressiveness of the terms. With respect to the remaining factors (i.e., conspicuousness and comprehensibility of the contract language and the presence of absence or a meaningful choice), the Court has addressed these factors above and finds that the contract is not procedurally unconscionable. Accordingly, the Plaintiff's arguments are not well-taken.

### C. Stay or Dismiss Claims

The Defendant requests that the parties be compelled to arbitration and that this action be dismissed. In the alternative, the Defendants requests that the parties be compelled to arbitration and that this action be stayed pending the outcome of the arbitration. The Plaintiff does not respond to this particular issue.

Section 3 of the FAA provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an

> agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involve in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Recently, the Sixth Circuit explained that 9 U.S.C. § 3 "applies only if a few conditions are met. First, the issue must be arbitrable. Second, one of the parties must apply for a stay. Third, the party requesting the stay cannot be in default in proceeding with the arbitration." *Hilton v. Midland Funding, LLC*, 687 F. App'x 515, 518 (6th Cir. 2017).

As mentioned above, the Plaintiff did not specifically address whether the Court should stay this action. The Defendant argues that the action should be dismissed, or in the alternative, stayed pending arbitration. The Court observes that the "Sixth Circuit has further held that, when all of the issues before the District Court are subject to arbitration, the district court may dismiss the action rather than stay the proceedings." *Fason v. Terminix*, No. 2:13-CV-2978-SHL-CGC, 2014 WL 4181593, at *6 (W.D. Tenn. Aug. 20, 2014) (citing *Green v. Ameritech Corp.,* 200 F.3d 967, 973 (6th Cir. 2000)) (concluding that, when all issues are subject to arbitration, "retaining jurisdiction and staying the action will serve no purpose"); *see also Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (rejecting the argument that 9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them). Accordingly, because all the issues before the Court are subject to arbitration, the Court will hereby compel arbitration and dismiss this case.

## V. CONCLUSION

Accordingly, for the reasons explained above, the Court finds the Defendant's Motion to Dismiss Action and Compel Arbitration [**Doc. 5**] well-taken, and it is **GRANTED**. The parties shall proceed to arbitration in accordance with their agreement. The Court will enter a separate Judgment.

ORDER ACCORDINGLY:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge